## DAVIS *v.* WAYNESBORO HARDWARE CO.*

(Division A.   Oct. 29, 1928.)

[118 So. 541.   No. 27379.]

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, section 2890, p. 919, n. 46; Sales, 35Cyc, p. 86, n. 26; Trial 38Cyc, p. 1603, n. 59.

*J. B. Saxon,* for appellant.

*Heidelberg & Clark,* for appellee.

SMITH, C. J. The appellant, defendant in the court below, was sued by the appellee, plaintiff in the court below, for the price of certain building materials alleged to have been sold to the appellant and used by him in the construction of a building, and for the enforcement of a materialman's lien on the building. From a judgment for the appellee, in accordance with the prayer of its petition, the appellant has brought the case to this court.

According to the evidence for the appellee, the appellant purchased the building materials from it, directed that they be delivered to the carpenters employed by him to construct the building, and this the appellee did, and the materials were used in the construction of the building.

According to the evidence for the appellant, he contracted with another to construct the building for him,

at an agreed price, the contractor to furnish the materials therefor, and he neither purchased the materials, the price of which is here sued for, nor authorized same to be charged to him.

The appellee, according to its evidence, did not know that the building was being constructed for the appellant under a contract with another so to do.

The contractor testified, for the appellant, that he purchased the material from the appellee, and, when he settled with the appellant for constructing the building, there was a balance due him of something over five hundred dollars, which the appellant agreed and did withhold, and promised, the appellee assenting thereto, to pay the amount so withheld to the appellee on the indebtedness due it by the contractor.

The amount sued for and the judgment recovered is eight hundred twenty-six dollars and thirty-four cents. The appellant admitted owing the appellee one hundred twenty-seven dollars and twenty cents for part of the materials. The court below declined to direct the jury to render a verdict for the appellee for one hundred twenty-seven dollars and twenty cents only, and, at the request of the appellee, instructed the jury:

"The court instructs the jury for the plaintiff that if they believe from a preponderance of the evidence that when the time came to make settlement for the debt sued for in this cause, that it was agreed by and between the contractors who erected the building and the defendant that a sufficient sum was to be taken out of the contract price to pay the debt sued for in this cause, and that said sum was taken out of the contract price, and that the plaintiff and the defendant agreed to this, then the jury should find for the plaintiff in such sum as the preponderance of the evidence shows the defendant was to pay."

"The court charges the jury for the plaintiff that even though you may believe by a preponderance of the evi-

dence in this case that there did exist a contract between certain contractors, and the defendant herein, whereby the contractors were to build the house in question and furnish all the materials therefor, then you should find for the plaintiff in such sum as you believe to be due and owing, unless the defendant has proven to you by a preponderance of the testimony that the plaintiff had full knowledge of such contract.''

The peremptory instruction requested by the appellant was properly refused.

The first of the two instructions for the appellee here set out should not have been given. The appellee's petition contains but one count, which alleges only the sale of materials to the appellant, and the use thereof by him in the construction of the building. The first of these instructions charged the jury to award the appellee a recovery for the money left with the appellant by the contractor, and which the appellant agreed to pay to the appellee, and therefore permit the appellee to recover on a cause of action not sued on. Moreover, the cause of action set forth in the instruction was not such as carried with it a materialman's lien. The instruction, however, was not acted on by the jury, for the verdict returned was not for five hundred and odd dollars which the contractor testified that the appellant had withheld for the purpose of paying to the appellee, but was for the full amount sued for. It was therefore harmless, and does not justify a reversal. We are not here called on to, and do not, decide whether the cause of action set forth in the instruction is such as to permit the appellee to recover thereon, and could be joined with the cause of action set forth in the petition.

The second of these instructions charged the jury:

1. To find for the plaintiff ''in such sum as you believe to be due and owing,'' thereby submitting to it the only question it was called on to decide. The defendant admitted owing the plaintiff one hundred twenty-seven dol-

lars and twenty-cents, and if the plaintiff's version of the matter was correct, which question, of course, was for the jury, then it was the duty of the jury to find for it the full amount sued for.

2. It also charged the jury that, if the plaintiff knew the house was being built under contract, by which the contractor agreed to furnish the materials therefor, the plaintiff was not entitled to recover. Neither the existence of this contract, nor the plaintiff's knowledge thereof, are determinative of the plaintiff's right to recover. It may have known of the contract, nevertheless, if the materials were purchased from it by the defendant himself, he would be liable to the plaintiff therefor, and it would be entitled to the relief here sought. This instruction, therefore, was not only prejudicial to the defendant, but imposed on the plaintiff a higher burden than it was called on to carry.

It is true that, in charging the jury to find for the appellee "in such sum as you believe to be due and owing," the instruction is defective in not charging the jury that this belief must be based on the evidence, but that defect could not have misled, and manifestly did not mislead, the jury.

*Affirmed.*